```
             IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

NORA H. COLEMAN,

    Plaintiff,

v.                                       Civil Action No. 5:12CV151
                                                                 (STAMP)

HOUSING AUTHORITY OF THE
CITY OF WEIRTON and
GEORGE VARGO, individually,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**CONFIRMING PRONOUNCED ORDER OF THE COURT**
**GRANTING IN PART AND DENYING IN PART AS FRAMED**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

I. Procedural History

On September 18, 2012, the plaintiff, Nora H. Coleman, filed the underlying employment discrimination action in the Circuit Court of Hancock County, West Virginia. On October 9, 2012, the defendants, the Housing Authority of the City of Weirton ("Weirton Housing Authority") and George Vargo ("Vargo"), removed the action to this Court. On June 18, 2013, the defendants submitted to this Court a motion for partial summary judgment on the plaintiff's claims for age discrimination, race discrimination, retaliatory discharge, and outrageous conduct. The plaintiff did not respond to this motion. Upon review of this issue, this Court finds that

the defendants' motion for partial summary judgment should be granted in part and denied in part.[1]

## II. Facts

The plaintiff was hired by the co-defendant, Vargo, and began working for the Weirton Housing Authority in 1984. On November 2, 2007, defendant Vargo, individually and as a representative of the Weirton Housing Authority, was serviced with an Equal Employment Opportunity Commission ("EEOC") charge alleging claims of race discrimination, age discrimination, and retaliatory discharge because the plaintiff had filed a claim with the EEOC. On November 20, 2007, the plaintiff was terminated from her employment at the Weirton Housing Authority. On October 28, 2009, the EEOC determined that the Department of Justice would not file suit on the EEOC charge and provided the plaintiff with a notice of right to sue within 90 days, informing the plaintiff that a civil action must be filed in the appropriate court within 90 days of her receipt of that notice. The plaintiff filed suit in the Circuit Court of Hancock County, West Virginia, on April 25, 2012.

In her complaint, the plaintiff claims that she was discharged based on her race and because of her age; her discharge was

---

[1] This Court met with the parties on the defendants' motion to motion to modify the scheduling conference order on September 24, 2013. ECF No. 18. This Court, however, also made findings as to the defendants' earlier motion for partial summary judgment during that status conference. This memorandum opinion and order confirms in slightly more detail the rulings made at the conclusion of that hearing.

2

retaliatory because she had complained to defendant Vargo about the misuse of the Housing Authority's funds, inappropriate treatment of clients, and inappropriate personal relationships of employees and supervisor; and that a family member of defendant Vargo was given preferential treatment over the plaintiff.  Based on these allegations, the complaint sets forth eight counts.

In their motion for partial summary judgment, the defendants contend that Count I(a), civil rights violation for race discrimination; Count I(b), civil rights violation for age discrimination; Count I(c), civil rights violation for retaliatory discharge; and Count V, breach of implied covenant of good faith and fair dealing ("outrageous conduct"), should be dismissed.

### III.  Applicable Law

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact."  Temkin v. Frederick County

Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

In this case, the plaintiff failed to respond to defendants' motion for summary judgment. However, the plaintiff's failure to file a response does not relieve the defendants from the burden imposed upon the moving party. See Custer v. Pan Am. Life Ins. Co., 12 F.3d 410 (4th Cir. 1993). The court in Custer held that while "the failure to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)).

### IV.  Discussion

In the motion for partial summary judgment, the defendants argue that they are entitled to judgment as a matter of law with respect to all of the allegations of civil rights violations and the allegation as to outrageous conduct.

A.  Counts I(a) and I(b)

The defendants contend that as to the civil rights violations for race and age discrimination, the plaintiff is barred from asserting them because the plaintiff failed to bring her claims within 90 days after the EEOC provided her with a notice of right to sue. Further, the defendants assert that the Weirton Housing

Authority does not meet the definition of an "employer" as required by the Age Discrimination in Employment Act ("ADEA").

After the EEOC has completed investigations, it may either conclude that the discrimination claims are with or without merit. <u>Coleman v. Talbot County Detention Center</u>, 242 F. App'x 72, 73 (4th Cir. 2007). If the "EEOC concludes that the discrimination charge is without merit, it will issue a 'right-to-sue' letter to the charging party, who then has 90 days to file a civil complaint." <u>Id.</u> (citing 42 U.S.C. § 2000e-5(f)(1)). The EEOC has no legal authority to "reissue" the right-to-sue letter, and any complaint filed in the appropriate court after the 90 days has expired is untimely. <u>Id.</u>

Based on the untimely nature of the plaintiff's complaint in this case, this Court finds that the plaintiff has in fact failed to diligently bring the claims charged in Counts I(a) and I(b) as to race and age discrimination. The plaintiff did not file this case until a year after the 90 day right-to-sue period expired. Thus, the plaintiff's action is untimely as to Counts I(a) and I(b). Further, based on the defendants' representations, the Weirton Housing Authority would not meet the definition of an "employer" under the ADEA as it has only seven full-time employees. The ADEA's definition for "employer" states as follows:

> The term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year: *Provided,* That

5

> prior to June 30, 1968, employers having fewer than fifty employees shall not be considered employers. The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency, but such term does not include the United States, or a corporation wholly owned by the Government of the United States.

29 U.S.C. § 630. Based on the information provided to this Court, the defendant Weirton Housing Authority would not meet the definition provided by the ADEA because it only has seven full-time employees. Accordingly, this Court finds that Counts I(a) and I(b) should be dismissed.

B.  Count I(c)

The defendants next assert that the retaliatory discharge claim in Count I(c) is moot because the race and age discrimination claims cannot be brought against the defendants. Because the plaintiff is claiming that the defendants retaliated against her based on her age or race, the defendants contend, the retaliation claim is barred for being moot. Further, if not barred for being moot, the defendants argue that under West Virginia law, the applicable statute of limitations period for a claim of retaliatory discharge expires within two years of the injury.

This Court, however, will not have to reach the statute of limitations issue. The plaintiff's claims as to race and age discrimination, as described earlier, are dismissed because neither were filed within the 90-day window given by the EEOC and because the Weirton Housing Authority does not meet the ADEA definition of

"employer."  Thus, because the retaliatory discharge claim is based on race or age discrimination, it cannot stand on its own and fails because the race and age discrimination claims fail.

C.   Count V

The defendants assert that as to Count V, the plaintiff's claim for outrageous conduct is duplicative of her claim for retaliatory discharge.  Because the damages would be essentially the same under both claims, the defendants argue, the plaintiff should only be able to recover damages for one injury.

This Court agrees with the defendants insofar as it can adopt the reasoning for dismissing the retaliatory discharge claim for dismissing the outrageous conduct claim.  The outrageous conduct claim in Count V, that would rely on the race or age discrimination claims, should be dismissed because those claims fail based on the findings of this Court above.  Because the outrageous conduct claim and the retaliatory discharge claim would rely on the same factual basis, the outrageous conduct claim insofar as it relies on the race or age discrimination allegations should be dismissed.  This Court finds, however, that the outrageous conduct claims and any other claim made in Count V that can stand alone without relying on the claims made in plaintiff's allegations in Counts I(a) and Count I(b) should not be dismissed.

Accordingly, this Court dismisses Counts I(a)-I(c) and Count V as framed above. The remaining claims for the plaintiff are Counts II-IV, Count V as framed in this opinion, and Counts VI-IIX.

## V. Conclusion

Based on the analysis above, this Court concludes that no genuine issue of material fact exists with respect to the plaintiff's allegation that the defendants engaged in race or age discrimination; retaliated based on the plaintiff's race or age; or engaged in outrageous conduct based on the plaintiff's race or age. Accordingly, the defendants' motion for partial summary judgment on this issue should be and hereby is GRANTED IN PART AS FRAMED as to Counts I(a), I(b), I(c), and Count V, as to the outrageous conduct claim based on race or age discrimination. The defendants' motion for partial summary judgment is DENIED IN PART AS FRAMED as to Count V, insomuch as the outrageous conduct claim does not rely on the plaintiff's allegations of race or age discrimination.

Further, for the reasons stated above, Count I, in its entirety, and Count V, as to the outrageous conduct claim based on race or age discrimination, of the plaintiff's complaint are DISMISSED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:      September 27, 2013


                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE